UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREG M. DRISCOLL,<br>    Plaintiff,<br>vs.<br><br>HBSC MORTGAGE SERVICES<br>and MORTGAGE ELECTRONIC<br>SYSTEMS, INC., as Nominee for Household<br>Finance Corporation, its Successors and<br>Assigns and DOONAN, GRAVES, AND<br>LONGORIA, LLC<br>    Defendants. | CIVIL ACTION<br>NO. 05-40120-TSH<br>05-40126-TSH |

### MEMORANDUM AND ORDER
December 8, 2006

**HILLMAN, M.J.**

#### Nature of the Proceeding

This matter was reassigned to me for all further proceedings, including trial and entry of final judgment, on February 17, 2006 (Docket No. 20) by consent of the parties[1]. The following motions are currently before me for disposition:

1. *Defendant HSBC's Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 37(a) and Dismissal Pursuant to Fed. R. Civ. P. 41(b)* (Docket No. 21).

2. *Amended Motion of Defendant HSBC to Compel Discovery Pursuant to Fed. R. Civ. P. 37(a) and Dismissal Pursuant to Fed. R. Civ. P. 41(b)* (Docket No. 23).

---

[1]. On November 9, 2005 Judge Saylor entered an order consolidating this case with case 05-40126. That case entitled, Driscoll v. HBSC Mortgage Services, Inc., also sought injunctive relief preventing the foreclosure sale of plaintiff's home and like this action, named Doonan, Graves, and Longoria as Defendants.

Defendant also requests reasonable expenses, including attorney fees in bringing this motion, pursuant to Fed. R. Civ. P. 37(a)(4).

**Background**

Gregory Driscoll ("Mr. Driscoll" or "Plaintiff") filed these actions against HSBC Mortgage Services ("HSBC" or "Defendant"), to stay the transfer of his home after a foreclosure sale. In addition to the requested equitable relief, he seeks monetary damages from HSBC and the law firm of Doonan, Graves, and Longoria, LLC, for violation of the Mortgagee's Peaceful Right of Foreclosure, Breach of Good Faith and Reasonable Diligence, Trespass, and two counts of Unfair Debt Collection Practices.

Mr. Driscoll, acting as a *pro se* litigant, originally filed a Complaint in Worcester Superior Court on July 21, 2005 seeking a temporary restraining order to stay the transfer of his home after a foreclosure sale that was scheduled for July 22, 2005. A hearing was scheduled in that court for July 22, 2005. Counsel for HSBC appeared at the hearing and filed a Notice of Removal to the United States District Court. That motion was allowed on July 25, 2005 and the matter was removed to this Court. Also on July 22, 2005, Mr. Driscoll, again acting pro se, filed a second motion for a temporary restraining order in this Court to stay the closing of the property at 87 Flagg Street. On that same day, the motion was allowed by Judge Saylor. At a hearing on August 3, 2005, Mr. Driscoll was represented by counsel and this Court extended the TRO.[2]

Thereafter, Mr. Driscoll's counsel filed a motion to withdraw and at a hearing on February 16, 2006 this Court allowed counsel's motion to withdraw and entered scheduling order

---

[2] It was at this time that this Court (Saylor, DJ) consolidated the two cases.

2

deadlines. Mr. Driscoll was present at that proceedings that was the last contact that Mr. Driscoll had with either the Court or opposing counsel. On July 13, 2006, in furtherance of their obligations under Fed.R.Civ.P. 26, the Defendants sent the Plaintiff an Automatic Discovery Disclosure. The Plaintiff did not respond to the Disclosure nor did he request any discovery. The Defendants then sought a Discovery Conference under the provisions of L.R. 37.1 with the Plaintiff. The Defendants also served a Request for Production of Documents under Fed.R.Civ.P 34. The Plaintiff has not responded to any of these entreaties by the Defendants. After several months of attempting to engage Mr. Driscoll in the litigation that he initiated, HSBC has filed the within motion to compel Mr. Driscoll to produce the requested discovery documents and to cooperate in maintaining the discovery timetable. In the alternative, HSBC requests that the Court dismiss the action on the grounds of Mr. Driscoll's failure to comply with the Federal Rules of Civil Procedure.

The Defendants served the first of the two Motions to Compel (docket no. 21) on the Plainitff via first class mail to his home at 87 Flagg Street in Worcester, Massachusetts. *Id.* at ¶ 6. After in-hand service was attempted three times, the Constable left the documents at Mr. Driscoll's last and usual place of abode. *Id.* A hearing on the motion was held on September 6, 2006 and Mr. Driscoll failed to appear. The matter was continued to October 26, 2006, with instructions from this Court to serve the amended motion on Mr. Driscoll in hand. Mr. Driscoll failed to appear at the October 26th second hearing. *See Affidavit of Reneau J. Longoria in Support of Motion to Dismiss* (Docket No. 25-1), ¶ 7. In response to the Court's concern that Mr. Driscoll perhaps no longer resides at 87 Flagg Street and therefore has not been receiving the filings in the case, HSBC's counsel obtained information at the Worcester Registry of Deeds. *Id.*

3

at ¶ 8. Documents obtained from the registry reflect that the deed for that address is in Mr. Driscoll's name and indeed, a recent mortgage was given on the property after the HSBC mortgage discharged. *Id.* at 9.

### Discussion

Rule 41(b) of the Federal Rules of Civil Procedure states that, "[f]or failure of the plaintiff to prosecute or to comply with these rules or with any order of a court, a defendant may move for dismissal of an action or of any claim against the defendant." Federal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines. *Santiago-Diaz v. Laboratorio Clinico Y De Referencia*, 456 F.3d 272 (1st Cir. 2006), citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778 (1976). This authority extends to the enforcement of case-management orders. *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 45-46 (1st Cir.2002). Thus, "when noncompliance occurs, the court may choose from a broad universe of possible sanctions." *Id.* at 46. However, while a district court retains discretion to dismiss a plaintiff's action under Fed.R.Civ.P. 41(b) for failure to prosecute, lack of response to a motion to dismiss does not, without more, justify this severe sanction. *See Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 48 (1st Cir.2003).

HBSC's principle argument is that Mr. Driscoll, after initiating this action, has failed to respond to multiple requests for a discovery conference or to contact the defendant in any way. Since the hearing in February of 2006, the plaintiff has failed to conduct any discovery, respond to the defendant's request for the production of documents or a discovery conference, or to respond to the motion to dismiss or otherwise prosecute the action. This court has recognized that the sanction of dismissal with prejudice for want of prosecution is a serious and drastic

measure, see Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 67 (1st Cir. 1999), and that disposition on the merits is favored, id. at 66, however, it is appropriate in certain circumstances. *See Pomales* at 48-49.

Mr. Driscoll is aware of the scheduling order and deadlines imposed by the Court. These were set in open court on February 16, 2006 and the record specifically reflects that the Plaintiff was present. He has failed to respond to discovery requests, failed to respond to the motion to dismiss, or to reply to attempts to contact him by HSBC's counsel, thus essentially insuring that the litigation would come to a stand still and that deadlines would not be met. Significantly, the original purpose for the institution of the litigation, namely stopping the foreclosure sale of his home has been met. The Defendant HSBC represents that its debt has been fully satisfied and the appropriate mortgage discharge recorded at the Registry of Deeds. Since the equitable relief that Mr. Driscoll sought is no longer necessary, only his claims for monetary damages against HSBC and Doonan, Graves, and Longoria remain.

At the insistence of this Court, the Defendants have gone to effort and expense in order to insure that Mr. Driscoll has received notice of the pending motions seeking dismissal and other relief. While there has been no 'in hand' service on the Plaintiff, service of the motions was made in accordance with Fed.R.Civ.P. 5 and L.R. 5.2 by mailing the pleadings to Mr. Driscoll's last known, and presumably current address. It is incumbent upon the Plaintiff to keep this court apprised of his location so that pleadings and notices can be sent. This Court has little reason to believe that Mr. Driscoll wishes to continue litigating this matter since he is either 'ducking' service or has moved and neglected to provide forwarding information. His claims against both Defendants are serious and require that both Defendants engage in significant discovery to

prepare their respective defenses. Since the Plaintiff has been given ample opportunity to continue to prosecute his claims and has neglected to do so, it is in the interest of judicial economy and fundamental fairness to the Defendants, that the matter should be dismissed with prejudice.

## Conclusion

For the foregoing reasons, *Defendant HSBC's Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 37(a) and Dismissal Pursuant to Fed. R. Civ. P. 41(b)* (Docket No. 21) and the *Amended Motion of Defendant HSBC to Compel Discovery Pursuant to Fed. R. Civ. P. 37(a) and Dismissal Pursuant to Fed. R. Civ. P. 41(b)* (Docket No. 23) are **allowed** to the extent that they seek dismissal of the Plaintiff's claims against both Defendants. So much of the Defendants' Motions that seeks costs and attorneys fees is **allowed**.

## Order

It is hereby ordered that case no. 05-40120 and case no. 05-40126 be **Dismissed with Prejudice** against Defendants HSBC Mortgage Services, and Doonan, Graves, and Longoria, LLC. Defendants shall file a Statement of Costs and Attorneys Fees incurred in prosecuting these motions within 14 days or they are deemed waived.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE